IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DURTH DAVID CHAMBERS, § | CASE NO. 05-60064-H2-11 | |
|     Debtor § | | |
| _____ § | | |
| § | | |
| BANNER SIGN & BARRICADE, INC., § | | |
|     Plaintiff § | | |
| § | | |
| vs. § | ADVERSARY NO. 05-6011 | |
| § | | |
| DURTH DAVID CHAMBERS, § | | |
|     Debtor | | |

## MEMORANDUM OPINION IN SUPPORT OF ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (doc # 16)

In this adversary proceeding, Plaintiff seeks a judgment determining that the debt adjudicated in its favor by a state court against Defendant ("Debtor") is non-dischargeable. For the reasons stated below and by final judgment issued this date, the Court GRANTS Plaintiff's motion for summary judgment.

### JURISDICTION

This is an adversary proceeding, a civil proceeding, arising in a case under title 11 and arising under title 11 of the United States Code. The United States District Court has jurisdiction under 28 U.S.C. § 1334(b). By Order dated August 9, 1984, superceded by General Order 2005-6 on March 10, 2005, under authority granted by 28 U.S.C. § 157(a), the United States District Court for the Southern District of Texas referred all such proceedings to the bankruptcy judges for the district. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(I). The bankruptcy judge may hear and may determine core proceedings, 28 U.S.C. 157(b)(1). No party has objected to the exercise of core jurisdiction by the undersigned bankruptcy judge.

### STANDARDS FOR SUMMARY JUDGEMENT

Summary judgment is warranted if a party establishes that there is no genuine dispute about any material fact and that the law entitles it to judgment, Fed.R.Civ. P. 56(c). Rule 56(c) mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 106 S.Ct. 2548,

2552 (1986). Fed.R. Civ. P. 56(c) is incorporated into the Federal Rules of Bankruptcy Procedure by rule 7056.

All justifiable inferences will be drawn in the nonmovant's favor, *see Anderson v. Liberty Lobby, Inc.*, 106 S.C.t 2505, 2513 (1986), but conclusory affidavits will not suffice to create or negate a genuine issue of fact. *See Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Shaffer v. Williams*, 794 F.2d 1030, 1033 (5th Cir. 1986). Unless there is sufficient evidence to return a verdict in the nonmovant's favor, there is no genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. at 2511. Admissibility of evidence on a motion for summary judgment is subject to the standards and rules that govern evidence at trial. *See Rushing v. Kansas City Southern Railway Co.*, 185 F.3d 496 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1171 (2000).

Rule 56 of the Federal Rules of Civil Procedure provides:

> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for the trial.

DISCUSSION

By order dated September 27, 2005, the Court set May 15, 2006 as the deadline for dispositive motions and set June 5 (20 days later) as the deadline for responses (doc # 10). Plaintiff filed its motion for summary judgment (doc # 16) on May 15. Debtor has not filed a response to the motion for summary judgment.

Plaintiff attached to the motion for summary judgment an affidavit, the final judgment from the state district court rendering judgment in favor of Plaintiff against Debtor, Plaintiff's first amended original petition in the state district lawsuit, and a transcript from the hearing on default judgment in the state district court lawsuit.

The attachments establish (i) that Plaintiff's complaint put at issue whether Debtor (while serving as an officer, director, or employee of Plaintiff) conspired to, and did, steal business and assets from Plaintiff in a manner than constituted fraud, conversion, violation of fiduciary responsibilities, and violation of Texas criminal statutes; (ii) that Debtor filed an answer in the state court proceeding and

that Debtor's answer was struck for discovery abuse; (iii) that the state court held a trial prior to entry of the default judgment and received evidence at that trial; (iv) that Debtor, through counsel, participated in that trial and cross-examined witnesses; and (v) that the state court found:

> ... that each of the said individual defendants Durth David Chambers and William Drew Chambers ... conspired ... and ... did intentionally and knowingly engage, in appropriating property and services of Banner Sign & Barricade, Inc. without the effective consent of Banner Sign & Barricade, Inc. that each of the defendants diverted such properties and the revenues arising from same to the respective benefits of each of defendants Durth David Chambers, William Drew Chambers and their business entity Interstate Traffic Service, LLC, that none of the respective defendants was entitled to said misappropriated properties and revenues, and that each defendant respectively engaged in conduct knowingly and intentionally which violated § 31.03, the punishment level for which is a felony of the third degree or higher, Texas Penal Code to the damage of plaintiff Banner Sign & Barricade, Inc.
>
> The Court further finds that each of defendants Durth David Chambers, William Drew Chambers, and their business entity Interstate Traffic Services, LLC is respectively criminally responsible as a party to the criminal act.

## CONCLUSION

*Matter of Gober,* 100 F.3d 1195 (5th Cir. 1996) requires the following conclusions.

The findings of the state court establish that (and preclude any further litigation concerning whether) Debtor obtained money or property by false pretenses or fraud. Therefore, dischargeability of the debt must be denied under Bankruptcy Code § 523(a)(2)(A).

The findings of the state court establish that (and preclude any further litigation concerning whether) Debtor's debt to Plaintiff arose from willful and malicious injury by the debtor to another entity and to the property of another entity. Therefore, dischargeability of the debt must be denied under Bankruptcy Code § 523(a)(6).

The state court made no specific finding with respect to breach of fiduciary responsibility. Since the preceding preclusive findings are sufficient for summary judgment, the Court need not address whether that finding is implied.

By separate written judgement issued this date, Plaintiff's motion for summary judgment is GRANTED.

SIGNED   June 26, 2006

*Wesley W. Steen*

WESLEY W. STEEN
UNITED STATES BANKRUPTCY JUDGE